## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE

| | |
|---|---|
| THOMAS DRAWDY, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>STRUCTURED SETTLEMENTS CAPITAL LLC,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Thomas Drawdy ("Plaintiff") brings this class action against Defendant Structured Settlements Capital LLC ("Defendant" or "SSC"), to stop their illegal practice of calling cellular telephones of consumers and playing artificial or prerecorded voices, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2. Defendant is a debt collector. To facilitate its collection efforts, Defendant engages in calling thousands of consumers and playing artificial or prerecorded voice messages.

3. Defendant did not obtain express written consent prior to placing these artificial or prerecorded voice calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. The TCPA targets unauthorized calls playing prerecorded voices exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers with its collection efforts on a grand scale.

5. Plaintiff has received numerous unsolicited prerecorded voice messages from Defendant without his prior express consent, despite the fact that he has expressed his wish to not be contacted any further, and at unreasonable times of day which the TCPA prohibits.

6. By placing the calls at issue without express consent, Defendant is harming thousands of consumers.

7. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation and disruption of the daily life of countless individuals. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies.

## PARTIES

8. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Stonybrook, California and the sole and primary subscriber and user of the cellular telephone number 850-***-7116 (the "7116 Number").

9. Defendant is, and at all times relevant hereto was, a Delaware limited liability company and a "person" as defined by 47 U.S.C. § 153(39). Defendant is registered to do business in the State of Florida and maintains a principal address in Fort Lauderdale, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

11. Defendant is subject to personal jurisdiction in because it is registered to do business in the State of Florida and maintains a principal address in the State of Florida, subjecting it to jurisdiction in this State.

12. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the wrongful conduct giving rise to this lawsuit took place within this judicial District.

13. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTUAL ALLEGATIONS

14. Defendant is in the business of debt collection.

15. Defendant, and/or through its agents, has placed calls to thousands of the phone numbers of Plaintiff and the Class members.

16. These calls were unsolicited and played an artificial or prerecorded voice pertaining to Defendant's debt collection efforts.

17. Defendant failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal calls.

18. Plaintiff is the sole owner and primary user of the 7116 number.

19. The 7116 number is Plaintiff's primary residential phone number used in his personal life, and is not used for commercial or business purposes.

20. On numerous occasions within the last four years, and most recently on or around March 13, 2022, Plaintiff received an artificial and/or prerecorded voice message indicating it was from "Structured Settlements," attempting to collect a debt for which Plaintiff has no recollection or knowing association with.

21. On many of the above occasions, the voicemail on Plaintiff's phone contained the exact same message from the same voice, indicating that he was receiving prerecorded voice messages.

22. On many of the above occasions, Plaintiff received these voicemails as early as 5 AM in his local time.

23. Plaintiff never provided express consent (or any consent) to Defendant for these calls. Plaintiff had never heard of Defendant and had no relationship whatsoever with Defendant prior to receiving these illegal calls.

24. On at least one occasion, Plaintiff verbally revoked any purported consent for these illegal calls, indicating to Defendant he did not wish to receive further calls.

25. Defendant's calls were not made for an emergency purpose or to collect on a federal debt pursuant to 47 U.S.C. § 227(b)(1)(B).

26. Upon information and belief, Defendant caused similar calls to be sent to other individuals residing within this judicial District and within the United States.

27. The artificial and/or prerecorded voice message calls originated from telephone numbers, which upon information and belief, are owned and operated by Defendant or on behalf of Defendant.

28. Accordingly, each of Defendant's artificial and/or prerecorded voice calls to Plaintiff using an automatic telephone dialing system violated 47 U.S.C. § 227(b).

29. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per phone call.

30. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

31. 47 C.F.R. § 64.1200(d) requires that a company implement certain minimum policies and procedures prior to making telemarketing calls.

32. These policies and procedures include maintaining a written policy, available upon demand, for maintaining a do-not-call list; training personnel engaged in telemarketing; and recording and honoring do-not-call requests when made.

33. Defendant violated this rule by not having such policies and training, and failing to honor do-not-call requests–as evidenced by the continued calls to Plaintiff after he directly asked not to be contacted.

34. For violations of 47 C.F.R. § 64.1200(d), Plaintiff is entitled to an additional $500 per text message.

35. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

36. Plaintiff and the Class members have suffered concrete harm because of Defendant's unwanted and unsolicited text messages, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited text messages;

- Invasion of Privacy;

- Intrusion upon Seclusion;

- Nuisance,

- Aggravation; and

- Annoyance.

37. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to his daily life.

38. These forms of injury are sufficient for Article III standing purposes.

39. Defendant initiated the unlawful phone calls to Plaintiff and the other Class members and is directly liable for violating the TCPA.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

40. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of all other similarly situated persons as a class action. The "Classes" that Plaintiff seeks to represent are comprised of and defined as:

> **TCPA Class. All persons within the United States who: (1) within the four years prior to the filing of this Complaint (2) received a phone call from Defendant or anyone on Defendant's behalf (3) which played a prerecorded voice (3) without prior consent.**
>
> **Internal Do Not Call Class: All persons within the United States who: (1) within the four years prior to the filing of this Complaint (2) received than one phone call within a 12-month period from Defendant or anyone on Defendant's behalf (3) to said person's residential telephone number after that person revoked consent.**

41. Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

## NUMEROSITY

42. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to hundreds, if not thousands, of consumers throughout the State of Florida and the United States. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

43. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery and a review of Defendant's records. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMONALITY

44. There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Among the questions of law and fact common to the Class are:

   i. Whether Defendant violated 47 U.S.C § 227(b);

   ii. Whether Defendant violated 47 C.F.R. § 64.1200(d);

   iii. Whether Defendant's conduct was knowing and willful;

   iv. Whether Defendant sends solicitation phone calls which played an artificial or prerecorded voice;

   v. Whether Defendant obtained written express consent prior to the calls;

   vi. Whether Defendant sends calls after consent has been revoked;

   vii. Whether Defendant maintains and trains on a written telemarketing policy;

  viii. Whether Defendant violated the privacy rights of Plaintiff and members of the Classes;

  ix. Whether Defendant is liable for damages, and the amount of such damages; and

  x. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

45. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls using an artificial and/or prerecorded voice without consent, including to telephone numbers registered on the National Do Not Call Registry, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### **TYPICALITY**

46. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

### **ADEQUACY**

47. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### **SUPERIORITY**

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes

is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the thousands or millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

50.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## COUNT I
**Violations of the TCPA, 47 U.S.C. § 227(b)**
*Individually and on Behalf of the TCPA Class*

51.     Plaintiff incorporates paragraphs 1-50 as if fully set forth herein.

52.     Plaintiff and the TCPA Class members received unsolicited phone calls to their residential cellular telephones.

53.     The calls played an artificial or prerecorded voice in Defendant's debt collection efforts.

54.     These calls were made without express prior consent.

55. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the TCPA Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

56. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

57. If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the statutory damages from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**COUNT II**
**Violations of the TCPA, 47 C.F.R § 64.1200(d)**
**Failure to Adhere to Telemarketing Rules**
*Individually and on Behalf of the Do Not Call Class*

58. Plaintiff re-alleges and incorporates paragraphs 1-50 as if fully set forth herein.

59. 47 CFR § 64.1200(d)(1) requires that Defendants maintain a written telemarketing policy, available upon demand, for maintaining a do-not-call list.

60. 47 CFR § 64.1200(d)(2) requires that Defendants train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

61. Defendant failed to fulfill these requirements, resulting in violations against Plaintiff and the Class.

62. Because Defendant failed to meet these requirements in violation of 47 C.F.R. § 64.1200(d)(1) and (2), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

63. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

64. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

65. Plaintiff and the Do Not Call Class members also suffered damages in the form of invasion of privacy, wasted time, harassment, and frustration.

66. Plaintiff and the Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, prays for the following relief:

i. An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Marcus & Zelman, LLC as Class Counsel;

ii. An award of actual and statutory damages for each and every negligent violation to each member of the Classes pursuant to 47 U.S.C. § 227(c)(5);

iii. An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Classes pursuant to 47 U.S.C § 227(c)(5);

iv. An order declaring that Defendant's actions, set out above, violate the TCPA;

v. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class;

vi. Pre-judgment and post-judgment interest on monetary relief; and

    vii.    Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 20, 2023        Respectfully submitted,

                              By: **MARCUS ZELMAN LLC**

                              */s/ Joseph Kanee*
                              Joseph H. Marcus, Esq.
                              4000 Ponce De Leon, Suite 470
                              Coral Gables, FL 33146
                              Phone: (786) 369-1122
                              Fascimile: (732) 298-6256
                              joseph@marcuszelman.com
                              *Counsel for Plaintiff*